UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20520-CIV-MOORE/SIMONTON

**CYPRESS CAPITAL ADVISORS LLC,**

    Plaintiff,

v.

**TELEDATOS, S.A., et al.,**

    Defendants.
_____/

## PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

The motion for protective order of Defendant Teledatos, S.A. is granted. Pursuant to Fed. R. Civ. P. 26(c), the Court enters the following protective order:

1. <u>Authorized Designations Under Protective Order</u>:

Each party producing information, including any document, thing, testimony, or other data (collectively "discovery material"), in this litigation may designate such information as "Confidential Information" by stamping each page with the word "Confidential" or substantially similar language. The parties may only designate as "Confidential' documents which they believe in good faith contain confidential information which has not been otherwise made public.

2. <u>"Confidential Information"</u>:

(a) <u>Definition</u>: As used in this Protective Order, "Confidential Information" shall mean discovery material which the producing party in good faith constitutes confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties, or if disclosed, would require such third parties to maintain in confidence.

(b) <u>Disclosure and Use of Confidential Information</u>: In the absence of written permission from the providing party or an order of Court, Confidential Information, and any information derived from such information, and all copies, descriptions, excerpts or

summaries of Confidential Information shall be used solely for purposes of this litigation and shall not be disseminated or disclosed to anyone other than the following persons, and then only for purposes of prosecuting, defending or settling this action and only to the extent reasonably necessary to accomplish such purposes:

    (i) the parties and the attorneys in the law firm of record in these proceedings representing the receiving party in connection with this litigation and personnel of such law firms or copy services assisting the attorneys working on this case;

    (ii) court reporters, videographers, and such other qualified persons otherwise unconnected to any party but who are involved with taking testimony, copying documents, and the like;

    (iii) any person employed by a party who signs the undertaking defined in Paragraph 4;

    (iv)  the Court and necessary Court personnel; and

    (v) such other persons as the parties may designate by mutual agreement.

    3. <u>Written Agreement to Terms of Protective Order</u>:

Information designated under this Protective Order shall not be made available to any person designated in Paragraph 2(b)(iv), unless that person has stated in an undertaking in the form attached as Exhibit A hereto and served upon counsel for the party providing the designated information that he or she has read this Protective Order and agrees to be bound by it and agrees to use information designated under this Protective Order solely for purpose of this litigation.

    4. <u>Procedure for Challenging Designations</u>:

Information produced during discovery and designated by the providing party under this Order shall be deemed to be properly designated unless the Court rules that it is not.  If, after meeting and conferring to discuss any dispute that arises from any

designation under this Order, the parties are unable to reach agreement, a party may move this Court for an Order that specified materials bearing a designation specified in Paragraph 1 hereof are improperly designated.  In such a motion, the party asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection contemplated by Rule 26 of the Federal Rules of Civil Procedure or this Protective Order.

    5. <u>Procedure for Court Filings</u>:

When exhibits, deposition transcripts, interrogatory answers, responses to request for admissions, or other documents which contain designated "Confidential Information" information are filed with the Court, the party offering such information shall file the relevant materials in sealed envelopes or other appropriate sealed containers which shall be labeled with the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER," and a statement substantially in the following form:

CONFIDENTIAL

> This envelope/container contains materials that have been designated confidential pursuant to a protective order.  It is not to be opened, nor are its contents to be disclosed to any person other than to the Court or its clerks, except by order of the Court or upon the written stipulation of the parties.

In addition, absent further Order of the Court, if it is necessary to use confidential information in connection with motions or memoranda, the confidential information shall be filed as a sealed exhibit in support of the motion or memorandum, and the motion or memorandum shall be drafted in such a way that it does not need to be sealed or redacted.  Such confidential information (whether submitted in writing or in oral testimony) shall be disclosed at a hearing only on the <u>in camera</u> record, and shall not be made part of the public record of this proceeding.  Failure properly to label designated

information pursuant to this Paragraph 5 does not waive the protections of this Protective Order and, at any time, a party may move the Court to place filed documents or information under seal pursuant to this Paragraph 5.  Before offering or otherwise causing designated information to become evidence in any trial or evidentiary proceeding, the party wishing to use such information shall seek the aid of the Court in formulating a reasonable procedure for preventing the disclosure of such information to persons not authorized hereunder to receive the information.  Nevertheless, such information shall not be inadmissible nor shall any party be deemed to be proscribed by this agreement from offering or using such information as evidence.

6. <u>Inadvertent Disclosure</u>:

If a party to this Protective Order inadvertently produces documents and/or information that the party to this Protective Order believes to be confidential information, but which was not properly designated as confidential information pursuant to this Protective Order, the party to this Protective Order that inadvertently produced the confidential information shall promptly notify the receiving party of the mistake and promptly reproduce the confidential information with the proper designation.  Once notified, the receiving party to this Protective Order shall treat such information as confidential information pursuant to this Protective Order and shall destroy all previously produced copies once replacement copies are produced. Inadvertent disclosure shall not be deemed a waiver of a party to this Protective Order's claim that material is confidential information under this Protective Order. Disclosure of any information or documents before a party to this Protective Order receives notice of an inadvertent production of such information or documents shall not be a violation of this Protective Order.

7. <u>Procedure for Transcriptions</u>:

When any information designated in accordance with Paragraph 1 above is included in an authorized transcript of a deposition or proceeding, or in exhibits attached

thereto, arrangements shall be made with the court reporter to bind such confidential transcripts and separately label them "[provider's name], SUBJECT TO PROTECTIVE ORDER." All or any portion of testimony falling within the categories set forth in Paragraph 2 above may be designated prior to or during the proceeding in which the testimony is elicited, on the record or by other agreement of counsel, or at any time within twenty (20) days after receipt of the transcription of such testimony by the designating party. Such designation shall be in writing and served upon all counsel of record. All transcripts shall be treated as Confidential Information for this twenty (20) day period.

8. <u>Obligations Upon Termination of Litigation</u>:

Within thirty (30) days of the final termination of this litigation, each party that is subject to this Protective Order shall destroy or return to the providing party all items designated in accordance with Paragraph 1 above, including all copies of such matter which may have been made (including copies in the hands of consultants and witnesses), but not including pleadings or copies containing notes or other attorney work product that may have been placed thereon by counsel for the receiving party. Outside counsel may retain intact one copy of any pleading or transcript that includes or references information designated under this Protective Order, but shall continue to preserve its confidentiality. This Protective Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that have been used as exhibits in open court and (b) that a party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modifications of this Protective Order.

9. <u>Amendment for Good Cause</u>:

This Protective Order is not a contract or agreement between the parties, and

creates no private rights of any sort or character in any person. It is an order of the Court which can be amended or altered at any time by the Court for good cause. The parties disclaim any reliance on the Protective Order in its present form as presented in this stipulation. Nothing in this Protective Order shall limit the right of a party to seek further, additional, or other limitations on information disclosed in pre-trial proceedings which the Court could otherwise order for good cause shown.

10. **Jurisdiction of the Court:**

This Protective Order shall remain in full force and effect until modified by further Order of this Court. This Protective Order shall continue in full force and effect after the final conclusion of this action, and this Court shall retain jurisdiction for the purpose of enforcing the terms of this Protective Order.

**DONE AND ORDERED** in chambers in Miami, Florida, on May 14, 2010.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**The Honorable K. Michael Moore,**
　**United States District Judge**
**All counsel of record**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 10-20520-CV-MOORE/SIMONTON**

**CYPRESS CAPITAL ADVISORS LLC,**

    **Plaintiff,**

**v.**

**TELEDATOS, S.A., et al.,**

    **Defendants.**
_____/

**UNDERTAKING**

**I, _____, hereby acknowledge that I am about to receive documents and/or information designated as "Confidential Information" or substantially similar language in connection with the litigation styled as above in the United States District Court for the Southern District of Florida (the "Litigation"). I have received and read a copy of the Protective Order dated _____, 2010, entered in the Litigation, and I agree to be bound by the terms of that Protective Order and to subject myself to the jurisdiction of this Court. I further agree not to use the documents and/or information for any purpose outside of the Litigation, including but not limited to any unrelated business or commercial purpose.**

    **Signed:_____     Dated:_____**